IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PAMELA BULLARD,<br>*Plaintiff* | § § § § § § § § § | |
| v. | | A-18-CV-00382-LY |
| DAYNA MARKER and CINTAS<br>CORPORATION NO. 2, INC.,<br>*Defendants* | | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before this Court are Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction filed on May 7, 2019 (Dkt. No. 19) and Defendants' Motion for Summary Judgment filed on May 8, 2019 (Dkt. No. 20). The Plaintiff has not responded to either motion. On July 18, 2019, the District Court referred the above motions to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72 and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I. BACKGROUND

Plaintiff Pamela Bullard ("Plaintiff") was the president and owner of Georgetown Screenprint & Embroidery, Inc. ("Georgetown Screenprint"), a Texas corporation which specialized in screen printing and embroidery.[1] Defendant Cintas Corporation No. 2, Inc. ("Cintas") is a foreign corporation which supplies uniforms and other products to a wide variety

---

[1] Georgetown Screenprint was incorporated as a Texas corporation on July 18, 2005.

1

of industries. Cintas uses vendors to decorate its garments with corporate logos. In 2008, Georgetown Screenprint became a vendor for Cintas and began taking orders to decorate garments for Cintas. In February 2015, Dayna Marker, the Director of Inside Sales and Catalog Operations for Cintas, informed Plaintiff that Cintas was suspending Georgetown Screenprint as a vendor for 60 days, in order for Georgetown Screenprint to improve the accuracy of its invoicing and the quality of its work. Cintas stopped doing business with Georgetown Screenprint in March 2015. Plaintiff alleges that Marker tortiously interfered with her business relation with Cintas, in part by sending "a letter to various Cintas locations threatening dire consequences to said locations if they continued to provide business to Plaintiff's company." Dkt. No. 1-1 at p. 5. Plaintiff alleges that as a direct result of Marker's actions, her company went out of business and she lost all leases, equipment and materials.

Almost three years later, on January 4, 2018, Plaintiff filed this tortious interference with business relations lawsuit in the 368th Judicial District Court of Williamson County, Texas against Cintas and Marker (collectively, "Defendants"). Although Plaintiff names both Marker and Cintas in the lawsuit, Plaintiff alleges only that Marker tortiously interfered with her business relation between Cintas and Georgetown Screenprint in violation of Texas law. *See Bullard v. Marker, et al.*, No. 18-0020-C368 (368th Dist. Ct., Williamson County, Tex. April 9, 2019). Plaintiff seeks to recover $3 million in compensatory damages, $300,000 in liquated damages, and attorneys' fees and costs.

On May 8, 2018, Defendants removed this case to federal court on the basis of diversity jurisdiction. Defendants filed the instant Motion to Dismiss, arguing that Plaintiff's lawsuit should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction because Plaintiff does not have standing to bring claims on behalf of Georgetown Screenprint. Defendants

also filed an alternative Motion for Summary Judgment arguing that they are entitled to summary judgment because Plaintiff's sole claim of tortious interference with business relations is barred by the statute of limitations. Plaintiff has not responded to either motion.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

"Federal courts have no jurisdiction unless a case or controversy is presented by a party with standing to litigate." *De Leon v. Perry*, 975 F. Supp. 2d 632, 645 (W.D. Tex. 2014), *aff'd sub nom. De Leon v. Abbott*, 791 F.3d 619 (5th Cir. 2015). A court properly dismisses a case where it lacks the statutory or constitutional power to decide it. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Dismissal for lack of subject matter jurisdiction is warranted when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161.

Standing is a component of subject matter jurisdiction, and it is properly raised by a motion to dismiss under Rule 12(b)(1). *See Mollis v. Lynch*, 121 F. Supp. 3d 617, 626 (N.D. Tex. 2015) (noting that "whether a party has proper standing is a question of subject matter jurisdiction" (citing *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006)). The requirement of standing has three elements: (1) injury in fact, (2) causation, and (3) redressability. *See Bennett v. Spear*, 520 U.S. 154, 167 (1997). The injury cannot be merely "conjectural or hypothetical." *Summers v. Earth*

*Island Inst.*, 555 U.S. 488, 493 (2009). Causation requires that the injury "fairly can be traced to the challenged action of the defendant" rather than to "the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976). Redressability requires that it is likely, "as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Simon*, 426 U.S. at 38, 43). The party invoking federal subject matter jurisdiction bears the burden of establishing each element. *Ramming*, 281 F.3d at 161.

### B. Rule 56(a)

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586.

Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports its claim. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. ANALYSIS

As noted above, Plaintiff has failed to respond to Defendants' dispositive motions. Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed. *See* Local Court Rule CV-7(e)(2) (responses to dispositive motions due within 14 days of motion's filing). However, "[a] motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule." *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Id.* Thus, courts must address the merits of a summary judgment motion. The Court will also address the merits of the Motion to Dismiss as it disfavors dismissing a case other than on the merits of the claims.

**A.     Defendants' Motion to Dismiss**

Plaintiff has filed this lawsuit in her personal capacity and seeks to recover damages for alleged wrongs against her and her company, Georgetown Screenprint. Defendants argue that Plaintiff does not have standing to bring this tortious interference with business relations lawsuit because under Texas law, only the corporation can sue for injuries to the corporation. Accordingly, Defendants argue that the lawsuit should be dismissed for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

Defendants are correct that "a cause of action for injury to the property of a corporation or for destruction of its business lies with the corporation, not a shareholder."[2] Plaintiff, however, is not only alleging damages to the corporation, but also that she suffered injuries that were personal to her, such as the loss of funds she invested in the corporation, lost income, and lost business opportunities. *See* Dkt. No. 1-1 at p. 9-10. Courts have found standing in similar cases where the plaintiff alleges that she suffered personal financial loss. *See Empire Life Ins. Co. of Am. v. Valdak Corp.*, 468 F.2d 330, 335-36 (5th Cir. 1972) (holding that a shareholder who had pledged stock as collateral for a loan could maintain suit as an individual pledger against the party in control of the corporation that intentionally depleted the value of the stock); *Buschmann v. Prof. Men's Ass'n*, 405 F.2d 659, 663 (7th Cir. 1969) (holding that standing existed for breach of contract claim where plaintiff and bank to which corporation owed money entered into contract with defendant whereby plaintiff agreed to guarantee indebtedness of corporation to bank and defendant agreed to operate and manage plaintiff's business, but defendant allegedly breached contract by mismanaging the business); *Andreottola*, 2016 WL 852962, at *3 (finding plaintiff had standing where "it is clear that the financial injury [plaintiff] suffered by personally guaranteeing a loan, even though it was

---

[2]*Great Am. Food Chain, Inc. v. Andreottola*, 2016 WL 852962, at *3 (N.D. Tex. Mar. 4, 2016) (quoting *Faour v. Faour*, 789 S.W.2d 620, 622 (Tex. App.—Texarkana 1990, writ denied)).

for the benefit of [the corporation], is personal to him rather than to [the corporation].")". Accordingly, the Court finds that Plaintiff's allegations are sufficient to allege an injury in fact in this case and thus has standing to bring this lawsuit. Therefore, the undersigned recommends that the District Court deny Defendants' Motion to Dismiss.

## B. Defendants' Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(c), Defendants argue they are entitled to summary judgment in this case because Plaintiff's tortious interference with business relations claim under Texas law is barred by statute of limitations. The Court agrees.

Texas law provides that a claim for tortious interference with business relations is governed by a two-year statute of limitations. *See First Nat'l Bank of Eagle Pass v. Levine*, 721 S.W.2d 287, 289 (Tex. 1986) (tortious interference with business relations claim is considered an "action of trespass for injury done to estate or property of another" and thus is subject to a two-year statute of limitations period); *see also James R. Beneke, Inc. v. Aon Risk Servs., Inc. of Georgia*, 2007 WL 9701572, at *2 (W.D. Tex. Feb. 9, 2007) (relying on *Levine* to find that Texas tortious interference with business relations claim was barred by two-year limitations period); *5636 Alpha Rd. v. NCNB Texas Nat'l Bank*, 879 F. Supp. 655, 662 (N.D. Tex. 1995) ("Texas law provides that a claim for tortious inference with business relations is governed by a two-year statute of limitations."). Accordingly, Plaintiff's tortious interference with business relations claim is subject to a two-year statute of limitations.

For a suit to be timely under the two-year statute of limitations, it must be brought within two years following the date the cause of action accrued. *Snyder v. Eanes Indep. Sch. Dist.*, 860 S.W.2d 692, 699 (Tex. App.1993, writ denied) (affirming summary judgment dismissing tortious interference with contract claim as time-barred). "With respect to tort actions generally, the

7

limitations period begins to run at the time the duty owed to one person is breached by a wrongful act of another." *Id.* at 699. "Normally, the cause of action accrues when the plaintiff suffers injury." *Arabian Shield Dev. Co. v. Hunt*, 808 S.W.2d 577, 583 (Tex. App. 1991, writ denied). In this case, Plaintiff alleges that she suffered injuries when the Defendants interfered with her business relation with Cintas between February and March 2015. Accordingly, her tortious interference claim accrued no later than March 2015. Because Plaintiff did not file her lawsuit until January 4, 2018, her lawsuit is barred by the statute of limitations. Defendants therefore are entitled to summary judgment in this case.[3]

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 19). The Court **FURTHER RECOMMENDS** that the District Court **GRANT** Defendants' Motion for Summary Judgment (Dkt. No. 20) and enter judgment in their favor. **IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within

---

[3]Because the Court agrees that this lawsuit is barred by the statute of limitations, the Court need not reach Defendants' alternative arguments that Plaintiff's claim fails as a matter of law because Cintas cannot tortiously interfere with its own business relation and Marker cannot be liable for tortious interference because she was an employee and agent of Cintas.

fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on July 31, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE